[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14882
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cr-00048-CEM-GJK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN DAVID JULES,
a.k.a. Zoe,
a.k.a. Zoe Chappo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 6, 2019)

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Jean Jules appeals his conviction for aiding and abetting wire fraud in violation of 18 U.S.C. §§ 1343 and 2. Jules argues that the evidence presented at trial was insufficient to support his conviction. Jules also appeals the district court's denial of his motion for a judgment of acquittal.

We review *de novo* whether sufficient evidence supports a jury's verdict, viewing the evidence in the light most favorable to the government and resolving all reasonable inferences and credibility evaluations in favor of the verdict. *United States v. Foster*, 878 F.3d 1297, 1303–04 (11th Cir. 2018) (citations omitted). We also review *de novo* the denial of a motion for a judgment for acquittal. *United States v. Evans*, 473 F.3d 1115, 1118 (11th Cir. 2006). With regard to the latter, we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found all of the essential elements of the crime beyond a reasonable doubt. *United States v. Eckhardt*, 466 F.3d 938, 944 (11th Cir. 2006).

A conviction for wire fraud under 18 U.S.C. § 1343 requires that the government prove beyond a reasonable doubt that the defendant (1) participated in a scheme or artifice to defraud, (2) did so with intent to defraud, and (3) used, or caused the use of, interstate wire transmissions for the purpose of executing the scheme or artifice to defraud. *United States v. Machado*, 886 F.3d 1070, 1082–83

2

(11th Cir. 2018).  A jury may infer intent from the defendant's conduct as well as circumstantial evidence.  *Id.* at 1083.

Anyone who aids or abets the commission of an offense, such as wire fraud, is punishable as a principal.  18 U.S.C. § 2.  To prove that a defendant aided and abetted an offense, "the government must establish that: (1) someone else committed the substantive offense; (2) the defendant committed an act that contributed to and furthered the offense; and (3) the defendant intended to aid in the commission of the offense."  *United States v. Cruickshank*, 837 F.3d 1182, 1189 (11th Cir. 2016).

Jules does not dispute that the government demonstrated that "someone else committed" wire fraud.  Nor does Jules expend much energy arguing that his actions did not contribute to the fraud.  Jules instead contends that the government failed to satisfy its burden by not presenting evidence demonstrating his intent to participate in or further the "catfishing-for-profit" scheme at issue in this case.[1]

---

[1] "Catfishing" refers to the creation of a fake online identity, typically for use on dating websites. Catfishing for profit, as the phrase suggests, describes catfishing in which the fake identity is used to obtain money from a duped victim.  We assume that the parties are familiar with the particulars of the scheme at issue in this case.

We disagree.  The government presented ample evidence at trial supporting the jury's inference that Jules's actions in support of the scheme demonstrated his intent to aid in its commission.[2]

To take only a few examples, the jury heard testimony from one of the scheme's leaders, Ronnie Montgomery, describing how Jules learned all of the details of the scheme, that Jules repeatedly drove Montgomery to obtain the proceeds from the scheme, that Jules asked Montgomery for a greater role in the scheme, and eventually, that Jules obtained proceeds from the scheme in his own name.

Resolving all reasonable inferences and credibility evaluations in favor of the verdict, *Foster*, 878 F.3d at 1304, we conclude that a rational trier of fact could have found beyond a reasonable doubt all of the elements necessary to a conviction under 18 U.S.C. §§ 1343 and 2.

**AFFIRMED.**

---

[2] The argument section of Jules's appellate brief does not include a single citation to the record of his trial.

4